IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYAN JOE SCHAFFER and RONNIE SCHAFFER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.  4:15-cv-3207 ) |
| LAWRENCE BRUCE SMITH and SOUTHLAND DRYWALL, LLC, | ) ) ) ) |
| Defendants. | ) Jury Demanded |

APPLICATION FOR EMERGENCY TURNOVER ORDER
AND INJUNCTIVE RELIEF

TO THE HONORABLE KENNETH M. HOYT, UNITED STATES DISTRICT JUDGE:

Plaintiffs Ryan Joe Schaffer and Ronnie Schaffer hereby file, this Application for Emergency Turnover Order to enforce their Final Judgment against Lawrence Bruce Smith ("Smith") and Southland Drywall, LLC, , and state the following:

I.

BACKGROUND

Through this post-judgment application for a turnover order, Plaintiffs seek to enforce the final judgment against the Judgment Debtors.  Jurisdiction of this Court is based on this Court's continuing jurisdiction to enforce its judgment through post-judgment proceedings pursuant to Rule 69 of the Federal Rules of Civil Procedure, and Chapter 31 of the Texas Civil Practice and Remedies Code.

On August 2, 2016, this Court entered its Final Judgment awarding $107,500.00 in damages, plus $11,850.00 in attorneys' fees, against Defendants.  This total Judgment remains wholly

unsatisfied and has not been superseded.

After obtaining the Judgments, Plaintiffs caused writs of execution to be issued and served on the Judgment Debtors. None of the Judgment Debtors responded to the writs of execution with any property or payments whatsoever, and the writ has been returned "nulla bona."

Plaintiffs have learned that Defendant Bruce Smith has left certain livestock, consisting of some of the horses purchased from Plaintiffs, and some cattle, as well as certain farm and ranch equipment, including a cattle trailer and two offroad vehicles, at a ranch in Leon County, Texas, on property that Smith does not own and to which he has no rights, and that such livestock and equipment may be moved shortly or has recently been moved.  Plaintiff Ryan Schaffer and the undersigned counsel have personally visited the ranch, and observed the livestock and equipment. The livestock and equipment are located at the Next to Heaven Ranch, located at 6220 Private Road 4265, Normangee, Leon County, Texas 77871.  The ranch is owned by the Estate of Cleathern Fuller, probate proceedings pending in Leon County, Texas, Eric Fuller, registered agent and sole heir.  Smith does not have permission of the Estate or the heir to keep his livestock there, and demand has been made that he remove them.  If these items have been removed recently, they are believed to still be located in or near Leon County, Texas.

The livestock and equipment present at the ranch as of September 16, 2016, consisted approximately the following:

| | |
|---|---|
| **Horses:** | approximately 19 mares, with 9 babies, 1 yearling horse colt, and 4 stallions |
| **Cattle:** | Approximately 11 heifers (after September 16, One black bull and 3 black adult cows also appeared; current status unknown) |

**APPLICATION FOR EMERGENCY TURNOVER ORDER AND INJUNCTIVE RELIEF - PAGE 2**

**Equipment:** One cattle trailer, approximately 20 feet long, number 166S46J31NBC43438, Texas license plate FMD J07, One 2007 Kawasaki 78518 ATV, model KAF62OE, dark grey, One Yamaha Grizzly ATV, blue. After September 16, 2016, Plaintiffs have discovered that Defendants also own a white horse trailer, Texas license plate number DST R22.

As far as Plaintiffs have been able to determine, Defendant Smith is doing nothing to feed the livestock properly, by furnishing hay and needed feed and mineral supplements. As of late summer/early fall, the livestock had grass to graze on, but the horses nevertheless already were beginning to appear that they were not properly nourished, according to the observations of Ryan Schaffer, an experienced rancher and horseman. Plaintiffs have learned that the grass on the ranch is beginning to die off as winter approaches, and are gravely concerned for the welfare of the livestock. Plaintiffs' counsel has been informed by the Leon County Sheriff's Department as of December 20, 2016, that the animals are deteriorating rapidly and will need to be impounded and placed in a shelter for proper food and care immediately if nothing is done in the next few days.

Plaintiffs fear that unless the Court issues its Turnover Order on an emergency basis, and appoints a Receiver to take possession of the livestock and equipment and sell the same, such property may disappear, or the livestock perish from malnutrition. The United States Marshall's Office has been contacted, and they have advised that they are not equipped either to seize such livestock and equipment, or to hold the same pending sale. Although the Sheriff's Department has available county officials and resources for short term emergency care, they are unable to care for the animals on any long term basis.

Defendant Lawrence Bruce Smith has a history of committing fraud and failing to pay

**APPLICATION FOR EMERGENCY TURNOVER ORDER AND INJUNCTIVE RELIEF - PAGE 3**

creditors. On information and belief, he has recently transferred his business operations from Southland Drywall, LLC, to a newly formed entity, in an attempt to shield his business income and assets from judgment creditors such as Plaintiffs herein.

## II.

### APPLICATION FOR TURNOVER ORDER

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and Texas Civil Practice and Remedies Code §§ 31.002 and 31.010, Plaintiffs move that a turnover order by issued to aid Plaintiffs in enforcing the Judgment and in reaching the Judgment Debtors' non-exempt property. *See generally, Cross, Kieschnick & Co. v. Johnston*, 892 S.W.2d 435, 438 (Tex. App.– San Antonio 1994, no writ). Section 31.002(a) of the Texas Civil Practices and Remedies Code provides that "[a] judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtors owns property, including present of future rights to property, that (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities."

Turnover is cumulative of other lawful remedies available to a judgment creditor for collection of a judgment *See Matrix, Inc. v. Provident Am. Ins. Co.*, 658 S.W.2d 665, 667 (Tex. App. – Dallas 1983, no writ). **A court may consider a turnover order at any time after rendition of judgment, and even if the judgment is on appeal, so long as no supersedeas bond has been filed.** *See Anderson v. Lykes*, 761 S.W. 2d 831, 833-34 (Tex. App. – Dallas 1988, no writ), *overruled on other grounds*, 98 S.W.3d 178 (Tex. 2003). There is no requirement that a judgment creditor exhaust any other legal remedy, such as attachment, execution, or garnishment, before seeking

turnover relief, *See Hennigan v. Hennigan*, 666 S.W.2d 322, 323 (Tex. App. – Houston [14[th] Dist.] 1984, writ ref'd n.r.e.).

Pursuant to Texas Civil Practice & Remedies Code § 31.002(a), the movant requesting a turnover order must show that: (a) the movant is a creditor under a valid and enforceable judgment; (b) the judgment debtor owns property that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities; and (c) the property cannot be readily reached by ordinary legal processes. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(a).

### *(a) Plaintiffs are creditors under a valid and enforceable judgment.*

As of the date of this application, the Judgment remains valid, subsisting, and wholly unsatisfied. The Judgment is due in full, plus interest accruing from the date of the judgment, costs of court that have been taxed, and no postjudgment motions on behalf of Defendants, appeal, or supersedeas bond have been filed and/or posted.

### *(b) Judgment Debtors own non-exempt property.*

In accordance with Texas Civil Practices and Remedies Code § 31.002(h), a court may enter or enforce a turnover order without identifying in the order the specific property subject to turnover. Plaintiffs have good faith reasons to believe that Judgment Debtors own or control present or future rights to property that are not exempt form attachment, execution, or seizure for the satisfaction of the judgment. See Tex. Civ. Prac. & Rem. Code Chapter 64 and Tex. Prop. Code §§ 42.00, *et al.* They have identified certain specific property, described above, which is subject to execution, none being exempt.

Pursuant to § 31.002(b)(3) of the Texas Civil Practice and Remedies Code, this Court may appoint a Receiver to take possession of the non-exempt property, sell the same, and apply the net

**APPLICATION FOR EMERGENCY TURNOVER ORDER AND INJUNCTIVE RELIEF - PAGE 5**

proceeds toward the unpaid Judgment.

Plaintiffs move that the Court appoint Drew Tyler Dennis, of Wapanucka, Oklahoma, as Receiver hereunder. Mr. Dennis is 38 years old, and is a self employed cattle rancher, having worked on a cattle farm and around horses virtually his entire adult life. Mr. Dennis resides at 910 South Choctaw, Wapanucka, Oklahoma, and undertakes to serve in the capacity as Receiver, to seize all or a portion of the livestock and equipment described above, secure the same in a place inaccessible to Defendants, and sell the same in an orderly and businesslike manner. Mr. Dennis' Declaration in support of this application is attached hereto as Exhibit "A" and incorporated by this reference.

Mr. Dennis, although a resident of Oklahoma, has appointed the undersigned counsel as his registered agent for service of notices and instructions from the Court, and has agreed to abide by the Orders of this Court.

Plaintiff moves that the Court, in addition to ordering turnover of all non-exempt assets, order that the Judgment Debtors file with the Court, within ten (10) days after entry of the Turnover Order, a detailed listing of (1) all assets in which they have or claim an interest (ownership or otherwise), including their current location and estimated value, and (2) all assets claimed to be exempt, their location and estimated value, and the basis of any such claim of exemption.

In order to preserve the assets of Judgment Debtors, Plaintiffs pray that the Court enjoin the transfer or encumbrance of any assets of Judgment Debtors, whether or not claimed as exempt, pending final payment of the Judgment.

It is well settled that if a party claims that an asset is exempt from turnover, it is the party's burden to prove that it is exempt. *Dale v. Finance America Corp.*, 929 S.W. 2d 495, 498-99 (Tex.

**APPLICATION FOR EMERGENCY TURNOVER ORDER AND INJUNCTIVE RELIEF - PAGE 6**

App – Ft. Worth 1996, writ denied). Accordingly, to the extent that any individual Judgment Debtor claims any real or personal property to be exempt, they should be required to identify any such property and provide its fair market value of the same so that the Court can determine the propriety of any such exemption.

### *(c) Judgment Debtors' property cannot readily be reached by ordinary legal processes.*

Judgment Debtors' failure to make payment in response to the writs of execution, and the fact that the livestock and equipment has been placed on private property not open to the public, is evidence that Judgment Debtors' non-exempt property cannot be readily attached or levied upon by ordinary legal process. *See Arndt v. Nat'l Supply Co.*, 650 S.W.2d 547, 549 (Tex. App. – Houston [14th Dist.] 1983, writ ref'd n.r.e.) (particularly noting that the debtor's resistance to post-judgment discovery or information gathered by such a procedure may supply the necessary proof the judgment debtor's property cannot be reached by ordinary process); *see also Hennigan*, 666 S.W.2d at 324. Moreover, transfers of assets to avoid collection of a judgment have been held to constitute sufficient proof. *World Fuel Services Corp. v. Moorehead*, 229 F. Supp.2d 584 (N.D. Tex. 2002).

Plaintiffs therefore request entry of a Turnover Order: (1) appointing Drew Dennis as Receiver, (2) ordering Judgment Debtors to turn over to the Receiver all non-exempt property, up to the value of the Judgment, that is in the Judgment Debtors' possession or is subject to the Judgment Debtors' control, the rights to receive such property, and all documents and records relating to the property, (3) authorizing Drew Dennis, Receiver, to enter upon the Next to Heaven Ranch in Leon County, Texas, or wherever else such items may have been moved, and seize any or all property determined to be owned by Judgment Debtors, to remove the same, secure such items, and sell the same in a commercially reasonable manner, and account to this Court on a quarterly

basis concerning his progress in accomplishing the same. Plaintiffs move that Mr. Dennis' bond be minimal, because he will be required to travel a significant distance to assemble such property, and will have significant expenses in caring for the livestock and nurturing them back to good enough condition to sell. Such Receiver must also have the discretion not to seize any livestock or equipment, in his discretion, which are in such bad condition as to not be readily made ready for sale.

By way of example and not limitation, Plaintiffs respectfully request that the Court order Judgment Debtors to turn over their present and future rights to the following property:

|    | Property Subject to Turnover | Authority Supporting Turnover |
|----|------------------------------|-------------------------------|
| 1. | Business Income | *See Thomas v. Thomas*, 917 S.W.2d 425, 434-435 (Tex. App. – Waco 1996, no writ); *Ross v. 3D Tower Ltd.*, 824 S.W.2d 270, 273 (Tex. App. – Houston [14th Dist.] 1992, writ denied). |
| 2. | Intangible Property, such as Contractual Rights, Accounts Receivable, and Future Rights to Payments | *Arndt v. Nat'l Supply Co.*, 650 S.W.2d 547, 549 (Tex. App. – Houston [14th Dist.] 1983, writ ref'd n.r.e.); *World Fuel Services Corp. v. Moorehead*, 229 F. Supp.2d 584, 586 (N.D. Tex. 2002). |
| 3. | Non-exempt Property held by a Third-Party, but Subject to Judgment Debtors' Control | Norsul Oil & Mining Ltd. v. Commercial Equip. Leasing Co., 703 S.W.2d 345, 349 (Tex. App.–San Antonio 1985, no writ); Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226-27 (Tex. 1991); *World Fuel Services Corp. v. Moorehead*, 229 F. Supp.2d 584, 588 (N.D. Tex. 2002). |
| 4. | Promissory Notes | *See Matrix, Inc. v. Provident Am. Ins. Co.*, 658 S.W.2d 665, 668 (Tex. App. – Dallas 1983, no writ). |
| 5. | Causes of Action | *Renger Memorial Hospital v. State*, 674 S.W.2d 828, 830 (Tex. App. – Austin, 1984, no writ). |
| 6. | Property Located Inside and Outside of Texas | *Reeves v. FSLIC*, 732 S.W.2d 380, 281-82 (Tex. App – Dallas 1987, no writ). |

**APPLICATION FOR EMERGENCY TURNOVER ORDER AND INJUNCTIVE RELIEF - PAGE 8**

| 7. | Interest in Stock | *World Fuel Services Corp. v. Moorehead*, 229 F. Supp.2d 584, 578-88 (N.D. Tex. 2002); *Newman v. Toy*, 926 S.W.2d 629, 631 (Tex. App. – 1996, writ denied); *Roosth v. Roosth*, 889 S.W.2d 445, 460 (Tex. App. – Houston [14th Dist.] 1994, writ denied). |
|---|---|---|
| 8. | Interests in Real Estate | *Roosth v. Roosth*, 889 S.W.2d 445, 460 (Tex. App. – Houston [14th Dist.] 1994, writ denied). |

The above-described property is not exempt under any statute from attachment, execution, or seizure for the satisfaction of liabilities. Accordingly, Plaintiffs move the Court to order Judgment Debtors to turnover to the Receiver, the property described above, in an amount not to exceed the balance on the Judgment. Plaintiffs further request that Judgment Debtors be ordered to continue to deposit with the Receiver all of the property referenced above that subsequently comes into their possession or control, until such time that the full judgment balance is deposited.

### III.

### INJUNCTION

Plaintiffs further move that Judgment Debtors be enjoined, pending further Order of this Court, from encumbering, pledging, or transferring any property to or in favor of anyone and that Judgment Debtors be enjoined from hiding or concealing any property, including through the use of third parties, relatives, companies, trusts, agents, attorneys, pseudonyms or assumed names. The typical requirements for an injunction are not applicable to an injunction granted pursuant to §31.002 of the Code. *Roosth v. Roosth*, 889 S.W.2d at 488 (under turnover statute, there is no requirement for an injunction that the petition be verified or that the court make specific findings in support of its issuance).

WHEREFORE, Plaintiffs Ryan Joe Schaffer and Ronnie Schaffer move that the Court, on

an emergency basis, grant the relief requested herein and enter the following Order:

    a. Appoint Drew Tyler Dennis, of Wapanucka, Oklahoma, as Receiver hereunder, and authorize such Receiver to seize any or all of the non-exempt property of Judgment Debtors in Leon County, Texas, or elsewhere as may be located, to remove the same, secure such items, and sell the same in a commercially reasonable manner, and account to this Court on a quarterly basis concerning his progress in accomplishing the same;

    b Order Judgment Debtors to turn over and deliver to the Receiver, without delay, all non-exempt property that is in Judgment Debtors' possession or is subject to Judgment Debtors' control, and all documents relating to or evidencing Judgment Debtors' interest in that property, up to the amount of the Judgment herein, plus costs of court;

    b. Order Judgment Debtors to file, within ten (10) days from entry of Order, a a detailed listing of (1) all assets in which they have or claim an interest (ownership or otherwise), including the current location and estimated value of each item, and (2) all assets claimed to be exempt, their location and estimated value, and the basis of any such claim of exemption, and to provide other information necessary to permit location, seizure, sale, and lawful collection of the final judgment against them;

    c. Order that Judgment Debtors shall file, within ten (10) days after the entry of the Turnover Order, a proposed budget for allowed expenditures, showing the source of funds necessary to meet such budget; and that, following response to such proposed budget by Plaintiffs, that the Court should issue its order prohibiting Judgment Debtors from making any expenditures in excess of the budget approved by the Court;

    d. Order that Judgment Debtors and any third parties be enjoined from concealing, moving, encumbering, or transferring any property in which Judgment Debtors own an interest, whether claimed as exempt or not;

    e. Award Plaintiffs their reasonable and necessary attorneys' fees and expenses incurred in obtaining issuance of the Turnover Order; and

    f. Grant Plaintiffs general relief.

 

Respectfully submitted,

Law Offices of
LIPPE & ASSOCIATES

**APPLICATION FOR EMERGENCY TURNOVER ORDER AND INJUNCTIVE RELIEF - PAGE 10**

By:   /s/   Emil Lippe, Jr.
Emil Lippe, Jr.
State Bar No. 12398300
Park Central I
7616 LBJ Freeway, Suite 500
Dallas, Texas 75251
Telephone: (214) 855-1850
Facsimile:   (214) 720-6074
email: emil@texaslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd  day of December, 2016, pursuant to the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing instrument to counsel for Defendant at the following address:

Robin W. Weinburgh
STIRMAN & SHEA, P.C.
25211 Grogans Mill Road, Suite 120
The Woodlands, Texas 77380

  /s/ Emil Lippe, Jr.
Emil Lippe, Jr.

**NOTICE OF CHANGE OF ADDRESS - PAGE 11**