IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN JOE SCHAFFER and RONNIE SCHAFFER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:15-cv-3207 |
| LAWRENCE BRUCE SMITH and SOUTHLAND DRYWALL, LLC, | ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**ORDER GRANTING PLAINTIFFS' APPLICATION
FOR EMERGENCY TURNOVER ORDER, APPOINTMENT
OF RECEIVER, AND INJUNCTIVE RELIEF**

On this day the Court considered the Emergency Application for Turnover Order and Injunctive Relief of Plaintiffs Byan Schaffer and Ronnie Schaffer. Upon due consideration, the Court is of the opinion that the following Order should be entered.

IT IS ORDERED, ADJUDGED, AND DECREED that the Court finds that a receiver should be appointed to facilitate the sale of the non-exempt property of Defendants Lawrence Bruce Smith and Southland Drywall, LLC (hereafter "Judgment Debtors" or "Defendants") up to and including sufficient funds to pay the Judgment herein, plus receivers' fees and expenses, costs of court, and Plaintiffs' attorneys' fees incurred in collecting said judgment. The Court finds that Drew Tyler Dennis,of Wapanucka, Oklahoma, is qualified to serve as Receiver herein, and is not disqualified. The Court therefore APPOINTS DREW TYLER DENNIS as Receiver, and ORDERS the Receiver to take such property and assets of Judgment Debtors, in his discretion, as he may be able to locate and identify, including but not limited to the following property believed to be located in or near Leon

County, Texas:

| | |
|---|---|
| **Horses:** | approximately 19 mares, with 9 babies, 1 yearling horse colt, and 4 stallions |
| **Cattle:** | Approximately 11 heifers, one black bull and 3 black adult cows |
| **Equipment:** | One cattle trailer, approximately 20 feet long, number 166S46J31NBC43438, Texas license plate FMD J07, One 2007 Kawasaki 78518 ATV, model KAF62OE, dark grey; One Yamaha Grizzly ATV, blue; One white horse trailer, Texas license plate number DST R22. |

The Court ORDERS that the Receiver shall post a cash bond in the amount of $500.00 with the Clerk of this Court, that the Receiver shall be authorized to seize all non-exempt property of Judgment Debtors, store, maintain, and sell the same in a commercially reasonable manner, and shall file quarterly reports with the Court accounting for all property and monies seized, expenses paid or incurred, and status of his efforts. The Receiver is authorized to hire all persons, including professionals, to carry out his duties, enter into contracts to care for, store, insure, and sell any such property, and to do all lawful things necessary to fulfill his duties hereunder. The Receiver shall be entitled to reasonable compensation upon application and approval by the Court.

The Court further ORDERS that Judgment Debtors turn over and deliver to the Receiver, without delay, all non-exempt property that is in Judgment Debtors' possession or is subject to Judgment Debtors' control, and all documents relating to or evidencing Judgment Debtors' interest in that property, up to the amount of the Judgment herein, plus costs of court, specifically including but not limited to the following non-exempt property: (1) all documents or records, including financial

records, related to such property that is in the actual or constructive possession or control of Judgment Debtors or their agents, representatives, or attorneys; (2) all financial accounts (bank accounts), certificates of deposit, money-market accounts, accounts held by any third party; (3) all securities; (4) all real property, equipment, vehicles, boats, and airplanes; and (5) the contents of all safety deposit boxes or vaults; (6) all cash; (7) all negotiable instruments, including promissory notes, drafts, and checks; (8) causes of action or choses of action; (9) contract rights, whether present or future; and (10) accounts receivable; and that all such property shall be held and dealt with as ordered herein. Judgment Debtors are also ORDERED to immediately turnover to the Receiver all documents and financial records which may be requested by the Receiver, and all checks, cash securities (stocks and bonds), promissory notes, documents of title, and contracts owned by or in the name of Judgment Debtors, which are currently in their possession, custody, or control, and all such instruments which may come into their possession, custody, or control so long as all or any portion of the Judgment herein and all additional sums awarded by the Court remain unpaid.

      The Court further ORDERS that any third parties who are in the possession of any of such property or instruments described herein belonging to Judgment Debtors shall immediately turnover to the Receiver such items, and AUTHORIZES the Receiver to demand surrender of the same and obtain the same, including the changing of locks if necessary.

      The Court ORDERS that the Receiver shall be authorized to obtain from any person or entity, including financial institutions, all account records, accounts, cash, deposits, negotiable instruments, financial statements, or other documents, to store any property of Judgment Debtors, to hire any person or company necessary to accomplish any right or power under this Order; and 11) take all action necessary to gain access to all storage facilities, safety-deposit boxes, real property, and leased premises wherein any property of Judgment Debtors may be situated, and to review and obtain copies of all

documents related to the same.

It is ORDERED FURTHER that in addition to the powers of the Receiver set forth herein, the Receiver shall have the right, authority and power to request and obtain from providers of utilities, telecommunications, telephone, cell phone, cable, internet, data services, internet website hosts, satellite television services, and all similar services, (including Time Warner, AT&T, Verizon, Sprint, Satellite TV, Direct TV, EVI, Google, Yahoo, and internet blogs and chat rooms) compelling the production of any information regarding Judgment Debtors' payments, payment history and financial information, including account information, telephone numbers, names, service addresses, telephone numbers, IP addresses, call detail records, payment records, and bank and credit card information. This Order specifically serves as the court order required by 47 USC§ 551, and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing personally identifiable information of the subscriber and/or customer. The Receiver is AUTHORIZED to make cash advances from any credit cards of Judgment Debtors to himself for payment of the Judgment herein.

Any Sheriff or Constable, and their deputies, and any other peace officer are hereby directed and ordered to assist the Receiver in carrying out his duties and exercising his powers hereunder and prevent any person from interfering with the Receiver in talcing control and possession of the property of Judgment Debtors. The Receiver is authorized to direct any Constable or Sheriff to seize and sell property under a Writ of Execution.

The Receiver is ordered to post a cash bond in the sum of $500.00. The Receiver is further ordered to take and file with the Clerk of this Court the oath of his office.

This Receivership shall remain in effect until further orders of this Court.

Judgment Debtors are ORDERED to file, within ten (10) days from entry of this Order, a

detailed listing of (1) all assets in which they have or claim an interest (ownership or otherwise), including the current location and estimated value of each item, and (2) all assets claimed to be exempt, their location and estimated value, and the basis of any such claim of exemption, and to provide other information necessary to permit location, seizure, sale, and lawful collection of the final judgment against them

IT IS FURTHER ORDERED that Judgment Debtors shall file, within ten (10) days after the entry of the Turnover Order, a proposed budget for allowed expenditures, showing the source of funds necessary to meet such budget; and that, following response to such proposed budget by Plaintiffs, that the Court will issue its order prohibiting Judgment Debtors from making any expenditures in excess of the budget approved by the Court.

IT IS FURTHER ORDERED that Judgment Debtors and any third parties be enjoined from concealing, moving, encumbering, or transferring any property in which Judgment Debtors own an interest, whether claimed as exempt or not, pending further Order of this Court.

The Receiver may enforce this order by contempt if Judgment Debtors do not cooperate.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 20\_\_\_\_.

_____
HONORABLE KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**ORDER GRANTING PLAINTIFFS' APPLICATION FOR EMERGENCY TURNOVER ORDER, APPOINTMENT OF RECEIVER, AND INJUNCTIVE RELIEF  - PAGE 6**